## WAGNER v. VITAMINT CO., Inc.

(Court of Appeals of District of Columbia. Submitted November 10, 1924. Decided December 1, 1924.)

No. 1654.

**1. Trade-marks and trade-names and unfair competition $\Longleftrightarrow$44—Sufficiency of notice of opposition held only question for consideration on appeal.**

Where motion to dismiss notice of opposition to registration of trade-mark was denied, and the Examiner of Interferences, on applicant's refusal to answer, entered a judgment pro confesso denying his right to register, the only question, on appeal from decision of Commissioner of Patents affirming such judgment, on consideration merely of question of legal sufficiency of notice of opposition, is the sufficiency of the notice to create an issue calling for answer.

**2. Trade-marks and trade-names and unfair competition $\Longleftrightarrow$44—Notice of opposition held sufficient.**

Notice of opposition to registration of trade-mark, alleging that by reason of striking similarity of marks the granting of the registration of applicant's mark would lead to confusion, and opposer would be injured, and that mark claimed by applicant in original application was not the same as that which applicant claimed right to register before Examiner of Interferences, *held* sufficient to create issues calling for answer by applicant.

**3. Trade-marks and trade-names and unfair competition $\Longleftrightarrow$44—Motion to dismiss notice of opposition is equivalent to demurrer.**

Motion to dismiss notice of opposition to application for registration of trade-mark is equivalent to a demurrer, under equity rules applicable in such cases, and admits allegations of notice.

**4. Trade-marks and trade-names and unfair competition $\Longleftrightarrow$44—Entry of pro confesso judgment against applicant, who refused to answer after motion to dismiss notice of opposition was overruled, held proper.**

Where applicant for registration of trade-mark refused to answer after motion to dismiss notice of opposition was overruled, entry of judgment pro confesso against applicant by Examiner of Interferences *held* proper.

**5. Costs $\Longleftrightarrow$257—Costs charged against appellant's deposit, where omitted parts of record certified pursuant to writ of certiorari were material.**

On appeal from decision of Commissioner of Patents, in which the Patent Office, in response to writ of certiorari issued on appellee's motion, certified certain parts of record which had been omitted and which were material, the costs involved will be charged against appellant's deposit.

Appeal from Commissioner of Patents.

Application by Theodore B. Wagner for registration of trade-mark, to which the Vitamint Company, Inc., filed notice of opposition. From a decision of the Commissioner of Patents, affirming pro confesso judgment by the Examiner of Interferences against the applicant, he appeals. Affirmed.

H. V. Briesen and Louis Alexander, both of New York City, and Paul Finckel, of Washington, D. C., for appellant.

W. E. Dyre, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, affirming a pro confesso judgment entered by the Examiner of Interferences against appellant Wagner, who is seeking registration of a trade-mark for chewing gum containing vitamine. The mark consists of the word "Vitamint," displayed in an unusual and distinctive type upon the lower of two connected rectangular panels.

Appellee, Vitamint Company, filed a notice of opposition, alleging its own use of the word "vitamint" as a trade-mark upon "medicated confection." The notice of opposition also attacked Wagner's alleged use of the mark. Wagner moved to dismiss the opposition, on the ground that the opposer alleged use of the mark since May 3, 1921, whereas he alleged use of the published mark since April 2, 1921. The motion to dismiss was denied, and Wagner was given time to file an answer to the notice of opposition. In the meantime appellee company filed interrogatories seeking to determine the actual date of Wagner's adoption and use of the mark. Two days after the time allowed Wagner to answer had expired, he filed exceptions to the interrogatories and stated on the record that he had "decided not to file an answer to the notice of opposition, because he believes that the same does not set forth a good and sufficient cause of action." The Examiner of Interferences ordered Wagner to show cause why judgment, based upon his default, should not be rendered. In response to the order to show cause, he repeated his attack upon the sufficiency of the notice of opposition. This amounted substantially to a renewal of the motion to dismiss, with an additional ground to the effect that the goods on which the respective marks are used are not of the same descriptive properties. On this showing the Examiner of Interferences entered a judgment pro confesso, denying Wagner's right to register.

[1] On appeal the Commissioner of Patents considered the question of the legal sufficiency of the notice of opposition, and upheld the decree, refusing to consider the

issue respecting the descriptive properties of the goods of the parties, stating as his reason that this objection had not been raised by Wagner in his original motion to dismiss. In this situation the only question presented by the appeal, is the sufficiency of the notice of opposition to create an issue calling for answer. G. & J. Tire Co. v. G. J. G. Motor Car Co., 39 App. D. C. 508, 510.

[2, 3] In the notice of opposition the Vitamint Company alleges that; by reason of the striking similarity of the marks under consideration, the granting of the registration of applicant's mark would lead to confusion in trade, and that opposer, having an established business and reputation by reason of its exclusive ownership of the mark "Vitamint," used to' designate a food product, would be injured by the use of the mark in connection with chewing gum. These averments raised issues of fact, the truth of which are admitted by the motion to dismiss the notice of opposition, which, under the equity rules applicable in these cases, is equivalent to a demurrer.

The notice of opposition also contains the following averment: "As a further and additional ground for opposition, the opposer, the Vitament Company, Inc., alleges that there is no proper or legal basis set forth in the application of Wagner for registration of the trade-mark as now shown by the drawing forming part of said Wagner's application, and as published, the application as filed having been directed to a specifically different mark." This averment in the notice of opposition raises a pertinent issue of fact, since it affirmatively appears from the record that the mark claimed by Wagner, in his original application, is not the same as the mark here in issue.

[4] The various issues' of fact raised by the notice of opposition called for answer, and upon refusal of Wagner to answer, his action in insisting upon the motion to dismiss is equivalent to standing upon a demurrer to the notice of opposition, and judgment was therefore properly entered.

[5] In response to a writ of certiorari issued on motion of the appellee, the Patent Office certified to this court certain parts of the record which had been omitted. These we find material, and accordingly direct that the costs involved be charged against appellant's deposit in the case.

The decision of the Commissioner of Patents is affirmed.